[57 NYS3d 407]

In the Matter of JONATHAN P. FLOM (Admitted as JONATHAN PALTIEL FLOM), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 9, 2017

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Jonathan P. Flom*, Palm Beach, Florida, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The respondent, Jonathan P. Flom, admitted as Jonathan Paltiel Flom, has submitted an affidavit sworn to on April 29, 2017, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 1240.10).

The respondent acknowledges in his affidavit that he is the subject of an investigation conducted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, involving allegations of professional misconduct stemming from his conviction on June 24, 2016, of the crime of money laundering, in violation of 18 USC § 1956 (a) (3), after a jury trial before Judge Roslynn R. Mauskopf of the United States District Court for the Eastern District of New York. The respondent avers that he cannot successfully defend himself against the charges based upon the facts and circumstances of his professional conduct. The respondent further acknowledges that his resignation is freely and voluntarily rendered; that he is not being subjected to coercion or duress by anyone; and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.

Additionally, the respondent attests that the Committee's investigation does not include allegations that he willfully misappropriated or misapplied money or property in the practice of law. Nevertheless, the respondent acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.

The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he would

not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.

Lastly, the respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10).

The Grievance Committee recommends that the respondent's application to resign be granted.

Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., RIVERA, DILLON, BALKIN and AUSTIN, JJ., concur.

Ordered that the application of Jonathan P. Flom, admitted as Jonathan Paltiel Flom, a suspended attorney, to resign as an attorney and counselor-at-law is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jonathan P. Flom, admitted as Jonathan Paltiel Flom, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jonathan P. Flom, admitted as Jonathan Paltiel Flom, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jonathan P. Flom, admitted as Jonathan Paltiel Flom, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Jonathan P. Flom, admitted as Jonathan Paltiel Flom, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).